NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| NORWALT DESIGN, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 25-14097 (SRC) |
| | : | |
| v. | : | |
| | : | |
| INTEGRITY INDUSTRIAL INKJET | : | |
| INTEGRATION, INC., | : | **OPINION & ORDER** |
| | : | |
| Defendant. | : | |

**CHESLER**, U.S.D.J.

This matter comes before this Court on the motion for entry of default judgment, pursuant to Federal Rule of Civil Procedure 55(b), by Plaintiff Norwalt Design, Inc.    Plaintiff filed the Complaint on August 4, 2025, asserting one count of breach of contract and one count of unjust enrichment, predicated on allegations that Defendant failed to repay a loan memorialized in the "Note," attached to the Complaint.

The record indicates that Defendant was served on August 20, 2025 and has not appeared in the action, and default against Defendant was entered on September 12, 2025.    Plaintiff now moves for entry of default judgment on the claim for breach of contract.

Fed.R.Civ.P. 55(b)(2) authorizes the entry of a default judgment against a party that has defaulted.    In the Third Circuit, "the entry of a default judgment is left primarily to the discretion of the district court."    Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984). Before it enters default judgment, the district court must find that the Complaint's factual

1

allegations "constitute a legitimate cause of action." Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 536 (D.N.J. 2008). The court accepts as true the complaint's factual assertions, except those pertaining to damages, which the movant must instead prove. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990). "In considering a motion for a default judgment under Rule 55(b)(2), a district court should accept as true the well-pleaded factual allegations of the complaint, but the court need not accept the moving party's legal conclusions or allegations relating to the amount of damages." Polidoro v. Saluti, 675 F. App'x 189, 190 (3d Cir. 2017) (citing Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).)

The Complaint alleges that Plaintiff and Defendant entered into a loan agreement, memorialized by the Note. The Complaint alleges, in relevant part:

16. Pursuant to the terms of the Note, Defendant was obligated to make interest only payment starting on February 15, 2025.

17. Defendant failed to make its April 2025 interest payment, which is an Event of Default under the Note.

18. Norwalt has demanded that the Note be repaid.

. . .

23. Defendant has defaulted under the Note by failing to make the interest payments that were due in April of 2025 and each month thereafter and failing to repay the $500,000.00 when demanded.

The Note, attached to the Complaint, contains the following provisions:

9. Default. Each of the following events shall be an "**Event of Default**" hereunder:

(a) Company fails to pay timely any of the principal amount due under this Note on the date the same becomes due and payable or any accrued interest or other

amounts due under this Note on the date the same becomes due and payable, and such payment is not made within five (5) days of the Company's receipt of the Holder's written notice to the Company of such failure to pay;

(b) Company engages in any liquidation, dissolution or winding up proceedings;

(c) Company files any petition or action for relief under any bankruptcy, reorganization, insolvency or moratorium law or any other law for the relief of, or relating to, debtors, now or hereafter in effect, or makes any assignment for the benefit of creditors or takes any corporate action in furtherance of any of the foregoing;

(d) An involuntary petition is filed against the Company under any bankruptcy statute now or hereafter in effect, and such petition is not dismissed or discharged within sixty (60) days, or a custodian, receiver, trustee or assignee for the benefit of creditors (or other similar official) is appointed to take possession, custody or control of any property of the Company; and

(e) Company breaches any warranty, provisions in this Note or agreement made by the Company in this Note in any material respect and; as to any such breach that is capable of cure, the Company fails to cure such breach within fifteen (15) days after the Company has been provided with written notice of such breach.

While the Complaint alleges that Defendant's non-payment constitutes an Event of Default under the Note, the Complaint does not reference the sub-provision of the Note which defines the specific condition precedent that is alleged to have triggered the inference of an Event of Default. The brief in support of the motion for default judgment does not do so either.

The Court is thus left to speculate about the foundation for the allegation that the non-payment of the April, 2025 interest payment constitutes an Event of Default. The factual allegations of non-payment in the Complaint appear to be relevant to sub-provisions 9(a) and 9(e). The problem for Plaintiff is that Plaintiff contends that the April 2025 failure to pay constitutes an Event of Default under the Note, but the facts alleged are insufficient to support the inference that all requirements of either 9(a) or 9(e) have been met. Sub-provision 9(a) requires written notice of non-payment and subsequent further non-payment within 5 days.

3

Sub-provision 9(e) also requires written notice of the breach.    Thus, both of the two possible default provisions require written notice and a subsequent failure to cure within a specified time period.    The Complaint does not allege facts which support the determination that the Note's requirements for an Event of Default have been met.    The Complaint's statement that the April non-payment constitutes an Event of Default is a legal conclusion; under Third Circuit law, this Court does not take such legal conclusions as true.    The Court concludes that the factual allegations in the Complaint are insufficient to support the determination that the requirements for an Event of Default under the Note have been met.    Because the motion for default judgment is predicated on the determination that Defendant defaulted under the Note, the motion for default judgment must be denied.

For these reasons,

**IT IS** on this 23rd day of October, 2025

**ORDERED** that Plaintiff's motion for default judgment (Docket Entry No. 7) is **DENIED**.

s/Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.