**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| NORWALT DESIGN, INC., | : |
| Plaintiff, | : Civil Action No. 25-14097 (SRC) |
| v. | : |
| INTEGRITY INDUSTRIAL INKJET INTEGRATION, INC., | : **OPINION & ORDER** |
| Defendant. | : |

**CHESLER**, **U.S.D.J.**

This matter comes before this Court on the renewed motion for entry of default judgment, pursuant to Federal Rule of Civil Procedure 55(b), by Plaintiff Norwalt Design, Inc. Plaintiff originally moved for default judgment in September, 2025, and this Court denied the motion, holding:

> The Complaint does not allege facts which support the determination that the Note's requirements for an Event of Default have been met. The Complaint's statement that the April non-payment constitutes an Event of Default is a legal conclusion; under Third Circuit law, this Court does not take such legal conclusions as true. The Court concludes that the factual allegations in the Complaint are insufficient to support the determination that the requirements for an Event of Default under the Note have been met. Because the motion for default judgment is predicated on the determination that Defendant defaulted under the Note, the motion for default judgment must be denied.

(Opinion & Order of October 23, 2025 at 4.)

Plaintiff has now renewed the motion, relying on a brief that alleges, in short, that Plaintiff met the formal notice requirements of the Note for the condition of default, including a

1

copy of the notice letter as an exhibit. Unfortunately, this does not suffice to remedy the defect that the Court had identified in the earlier decision. Third Circuit law states:

> "In considering a motion for a default judgment under Rule 55(b)(2), a district court should accept as true the well-pleaded factual allegations of the complaint, but the court need not accept the moving party's legal conclusions or allegations relating to the amount of damages."

Polidoro v. Saluti, 675 F. App'x 189, 190 (3d Cir. 2017) (citing Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990). Because Plaintiff has not modified the factual allegations in the Complaint since it filed the previous motion for default judgment, this Court has no basis to arrive at a different conclusion: the factual allegations in the unmodified Complaint continue to be, as before, "insufficient to support the determination that the requirements for an Event of Default under the Note have been met." (Opinion & Order of October 23, 2025 at 4.)

The renewed motion for default judgment will be denied. In short, if Plaintiff wishes to pursue default judgment on its breach of contract claim, its only option at this point is to seek leave to amend the Complaint to remedy the defect this Court has now twice noted, and to properly serve the amended Complaint on Defendant.

For these reasons,

**IT IS** on this 17th day of December, 2025

**ORDERED** that Plaintiff's motion for default judgment (Docket Entry No. 9) is **DENIED**.

                                                             s/Stanley R. Chesler  
                                                           STANLEY R. CHESLER, U.S.D.J.