**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| _____ | : | |
| NORWALT DESIGN, INC., | : | |
|  | : | |
|     Plaintiff, | : | Civil Action No. 25-14097 (SRC) |
|  | : | |
|       v. | : | |
|  | : | |
| INTEGRITY INDUSTRIAL INKJET | : | |
| INTEGRATION, INC., | : | **OPINION & ORDER** |
|  | : | |
|     Defendant. | : | |
| _____ | : | |

**CHESLER**, **U.S.D.J.**

This matter comes before this Court on the renewed motion for entry of default judgment, pursuant to Federal Rule of Civil Procedure 55(b), by Plaintiff Norwalt Design, Inc. Plaintiff filed the Amended Complaint on March 18, 2026, asserting one count of breach of contract and one count of unjust enrichment, predicated on allegations that Defendant failed to repay a loan memorialized in the "Note," attached to the Amended Complaint.

The record indicates that Defendant was served on August 20, 2025 and has not appeared in the action, and default against Defendant was entered on April 15, 2026. Plaintiff now moves for entry of default judgment on the claim for breach of contract.

Fed.R.Civ.P. 55(b)(2) authorizes the entry of a default judgment against a party that has defaulted. In the Third Circuit, "the entry of a default judgment is left primarily to the discretion of the district court." Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984). Before it enters default judgment, the district court must find that the Complaint's factual

allegations "constitute a legitimate cause of action."   Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 536 (D.N.J. 2008).    The court accepts as true the complaint's factual assertions, except those pertaining to damages, which the movant must instead prove.   Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).    "In considering a motion for a default judgment under Rule 55(b)(2), a district court should accept as true the well-pleaded factual allegations of the complaint, but the court need not accept the moving party's legal conclusions or allegations relating to the amount of damages."   Polidoro v. Saluti, 675 F. App'x 189, 190 (3d Cir. 2017) (citing Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).)

The Complaint alleges that Plaintiff and Defendant entered into a loan agreement, memorialized by the Note, that Defendant failed to make its April 2025 interest payment, that Plaintiff made a formal written demand on Defendant formally declaring the Note in default, and that Defendant failed to cure the default.

The Note, attached to the Complaint, contains the following provisions:

9. Default. Each of the following events shall be an "**Event of Default**" hereunder:

(a) Company fails to pay timely any of the principal amount due under this Note on the date the same becomes due and payable or any accrued interest or other amounts due under this Note on the date the same becomes due and payable, and such payment is not made within five (5) days of the Company's receipt of the Holder's written notice to the Company of such failure to pay;

(b) Company engages in any liquidation, dissolution or winding up proceedings;

(c) Company files any petition or action for relief under any bankruptcy, reorganization, insolvency or moratorium law or any other law for the relief of, or relating to, debtors, now or hereafter in effect, or makes any assignment for the benefit of creditors or takes any corporate action in furtherance of any of the foregoing;

(d) An involuntary petition is filed against the Company under any bankruptcy statute now or hereafter in effect, and such petition is not dismissed or discharged

within sixty (60) days, or a custodian, receiver, trustee or assignee for the benefit of creditors (or other similar official) is appointed to take possession, custody or control of any property of the Company; and

(e) Company breaches any warranty, provisions in this Note or agreement made by the Company in this Note in any material respect and; as to any such breach that is capable of cure, the Company fails to cure such breach within fifteen (15) days after the Company has been provided with written notice of such breach.

The Complaint thus alleges that Defendant materially breached the terms of the Note, that Plaintiff provided Defendant with written notice of the breach, and that Defendant failed to cure the breach.    Under ¶ 9(a) of the Note, this constitutes an "Event of Default."    Paragraph 10 of the Note states:

Upon the occurrence and during the continuance of any Event of Default, the outstanding principal balance of this Note and all accrued but unpaid interest thereon shall . . . automatically be immediately due, payable and collectible by the Holder pursuant to applicable law.

Pursuant to ¶ 10, Plaintiff is entitled to a default judgment on Count I of the Complaint, for breach of contract, against Defendant in the amount of the outstanding principal balance of the Note and all accrued but unpaid interest.    The Complaint states that the outstanding principal balance of the Note is $500,000.00 and that interest accrues at the rate of 6% per annum.

Plaintiff also moves for an award of attorneys' fees and costs, citing ¶ 13 of the Note, which states: "The Company hereby acknowledges that Holder shall be entitled to recover, and the undersigned agrees to pay when incurred, all reasonable costs and expenses of collection of this Note, including without limitation, reasonable attorneys' fees."    Pursuant to ¶ 13, Plaintiff is entitled to an award of reasonable attorneys' fees and costs in an amount to be determined at a proof hearing.

This leaves only the question of the amount of damages.    Under New Jersey law, contract damages must be proven "to a reasonable degree of certainty."    Lightning Lube v.

3

Witco Corp., 4 F.3d 1153, 1176 (3d Cir. 1993).   Plaintiff has established with certainty that the outstanding principal balance is $500,000.00, but the amounts of the awards for unpaid interest and attorneys' fees and costs remain to be established with certainty, and the question of damages shall be referred to the Magistrate Judge for determination at a proof hearing.

For these reasons,

**IT IS** on this 17th day of June, 2026

**ORDERED** that Plaintiff's motion for default judgment (Docket Entry No. 21) is **GRANTED,** and Judgment as to liability for breach of contract is hereby entered in favor of Plaintiff against Defendant; and it is further

**ORDERED** that Plaintiff is entitled to an award of damages consisting of Defendant's outstanding balance due, accrued unpaid interest, court costs and attorneys' fees; and it is further

**ORDERED** that the matter shall be referred to the Magistrate Judge for a proof hearing to determine Plaintiff's damages, court costs, and attorneys' fees, consistent with the methods described herein.

    s/Stanley R. Chesler    
STANLEY R. CHESLER, U.S.D.J.